# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PSAUNTIA MARIE GEORGE,

        Petitioner,

v.

SHAWN BREWER,

        Respondent.

Case No. 2: 19-cv-10483

HON. TERRENCE G. BERG
HON. R. STEVEN WHALEN

_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE [ECF NO. 3] AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

Petitioner Psauntia Marie George, a state prisoner at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. This habeas petition challenges Petitioner's state conviction for second-degree murder, Mich. Comp. Laws § 750.317, raising eight grounds for relief. Also pending before the Court is Petitioner's motion to hold this case in abeyance while she pursues state remedies as to her unexhausted claims. For the reasons that follow, the motion for a stay will be granted and this case will be closed for administrative purposes.

# I. BACKGROUND

Petitioner was tried before a jury in Wayne County Circuit Court and found guilty of second-degree murder. On May 1, 2015, the trial court sentenced Petitioner to prison for fifteen to thirty years. Petitioner raised ten claims in an appeal of right. The Michigan Court of Appeals affirmed her conviction but remanded the matter for correction of her pre-sentence investigation report (PSIR). *See People v. George*, No. 327812, 2017 WL 908303 (Mich. Ct. App. Mar. 7, 2017). On December 27, 2017, the Michigan Supreme Court denied her leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. George*, 501 Mich. 947 (2017).

Petitioner signed and dated her habeas corpus petition on February 13, 2019; the Clerk of the Court filed it on February 15, 2019. The petition raises eight claims:

I. The trial court erred in denying Petitioner's motion to suppress her statement to police.

II. Insufficient evidence supports Petitioner's conviction.

III. Petitioner received ineffective assistance of counsel.

IV. The prosecutor failed to provide requested exculpatory evidence.

2

> V. The prosecutor committed misconduct by arguing facts not in evidence.
>
> VI. Instructing the jury on aiding and abetting denied Petitioner a fair trial.
>
> VII. The trial court erred in denying Petitioner's motion to suppress evidence.
>
> VIII. The trial court erred in denying Petitioner's motion to suppress DNA evidence and an expert witness's testimony.

Petitioner states that all the above claims were presented to the state courts on direct appeal. Her motion to hold this case in abeyance (ECF No. 3) indicates that she wishes to return to state court to file a motion for relief from judgment on an additional issue. Petitioner asserts that she mailed such a motion to the Third Circuit Court for Wayne County on December 26, 2018.[1]

Although she describes it as only one issue, Petitioner appears to raise two grounds for relief in her motion for relief from judgment. She presents her unexhausted claim as follows:

> Due process requires that Defendant's conviction is reversed, and the matter set for a new trial, based on newly discovered evidence presenting actual innocence exculpating Defendant for the crime for which she was wrongly convicted and

---

[1] The Court notes that the Third Circuit Court's on-line Register of Actions for Petitioner's case does not indicate her motion for relief from judgment has been filed, as no events occurring after January 8, 2018 have been docketed.

incarcerated. Alternatively, trial counsel was ineffective for failing to call Kevin George as a witness at trial.

ECF No. 3, PageID.52.

## II. DISCUSSION

*A. Exhaustion requirement*

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present them to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. To properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his or her claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

Petitioner appears to have exhausted state remedies for the eight grounds for relief listed above. However, a dismissal of her habeas

petition while she pursues state remedies on her additional issue(s) could result in a subsequent petition being barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Over ten months had elapsed on that time period when Petitioner filed this action.[2]

   *B. Stay-and-abeyance procedure*

To address such circumstances, the Supreme Court has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and to hold a habeas petition in abeyance while the petitioner returns to state court and raises her unexhausted claims there. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the prisoner exhausts her state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275–76.

The *Rhines* stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust her remedies in state court, the unexhausted claims are potentially

---

[2] The Court notes that the date Petitioner's statute of limitations stopped running is unclear, as her state motion for relief from judgment may not have been properly filed as required under 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). *Williams v. Birkett*, 895 F. Supp. 2d 864, 868 (E.D. Mich. 2012) (citing *Corbin v. Straub*, 156 F.Supp.2d 833, 836 (E.D.Mich.2001); 28 U.S.C. § 2244(d)(2)). *See* note 1.

meritorious, and the petitioner is not engaged in abusive litigation tactics. *Id.* at 278. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id.*

*Rhines* involved a "mixed petition" of exhausted and unexhausted claims, whereas Petitioner's pleading contains only exhausted claims. Federal district courts, however, "ordinarily have authority to issue stays," *id.* at 276, and the *Rhines* stay-and-abeyance procedure has been applied in cases where the petition was not a "mixed" petition of exhausted and unexhausted claims. *See, e.g., Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding that "the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions" and that "a district court may stay a petition that raises *only* unexhausted claims") (emphasis in original); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009) (concluding from the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance

procedure in at least some limited circumstances beyond the presentation of a mixed petition").

The approach embraced in these appellate rulings is both practical and reasonable, and consistent with Supreme Court holdings. For instance, the Supreme Court has authorized prisoners seeking state post-conviction relief to file "protective" petitions in federal court and to ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *Pace*, 544 U.S. at 416. Similarly, in *Duncan v. Walker*, 533 U.S. 167 (2001), former Justice Stevens stated:

> [T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so ... when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of [the] 1-year limitations period.

*Id.* at 182–83 (Stevens, J., concurring in part and concurring in the judgment).

In the present case, Petitioner's good cause for failing to exhaust her claims is that they are based upon newly-discovered evidence. (ECF No. 3 at 2, PageID 52.) Courts have found the "good cause" standard satisfied where unexhausted claims are based on such evidence. *See, e.g.,*

7

*Midgett v. Curtin*, 2010 WL 457459, *1 (E.D. Mich. Feb. 8, 2010); *Reed v. Wolfenbarger*, 2009 WL 3059135, *3 (E.D. Mich. Sep. 21, 2009). The Court finds that Petitioner's assertion that the claims are based upon newly discovered evidence is sufficient to show good cause for failing previously to present these claims.

The next question is whether Petitioner's unexhausted claims are meritless. *Rhines*, 544 U.S. at 278. Because the unexhausted claims have not yet been fully developed, it would be premature for the Court to assess their merits. Instead, the Court considers whether the claims, if substantiated by sufficient law and facts, could serve as grounds for granting a writ of habeas corpus. *See Tarselli v. Supt. Greene SCI*, 726 F. App'x 869, 876 (3d Cir. 2018) (noting with approval district courts' practice of "finding claims 'potentially meritorious' if they are plausible, even where the facts underlying those claims are contested[,]" and finding error where the court below "required proof that the claim is actually meritorious, rather than potentially meritorious") (citations omitted); *Wilson v. McKee*, 2015 WL 1912570, *2 (E.D. Mich. Apr. 27, 2015) ("[A] petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that

could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts") (citing *Bartelli v. Wynder*, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005)).

Petitioner's unexhausted ineffective assistance claim is a constitutional claim which could provide a basis for habeas corpus relief. Her assertion of actual innocence is as well if it is associated with that Sixth Amendment violation, as "an independent constitutional violation . . . in the underlying state criminal proceeding". *Kowalak v. Scutt*, 712 F. Supp. 2d 657, 678 (E.D. Mich. 2010) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). Thus, Petitioner's claims, if supported by sufficient evidence, are not plainly meritless.

This Court sees no prejudice to Respondent in staying this case. However, Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and . . . if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second or-successive-petition requirements" should she seek habeas relief on her new claims. *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Finally,

9

Petitioner does not appear to have engaged in intentionally dilatory litigation tactics.

*C. Time limits*

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Petitioner must diligently pursue relief in the state courts by filing a motion for relief from judgment in the trial court within 90 days of receiving this Court's order.

To properly exhaust her new claims in state court, Petitioner must file a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. *See Wagner*, 581 F. 3d at 419. The trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). If Petitioner's

10

motion for relief from judgment is denied, Petitioner will be required to appeal that denial to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust her claims. *See, e.g., Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

To resume this case, Petitioner must file an amended petition and move this Court to lift the stay within 90 days of completing the exhaustion of her state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002). If Petitioner does not file an amended petition and motion to lift the stay by the 90-day deadline, this case will remain closed.

This Order to stay and hold the habeas petition in abeyance is being entered so that Petitioner may pursue the above-described process. Failure to comply with the conditions of this stay could result in the dismissal of the case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). The Court expresses no opinion on whether any new claims presented in an amended petition will be barred by the statute of limitations.

### III. CONCLUSION

For the reasons stated above, Petitioner's motion to hold her petition for habeas relief in abeyance (ECF No. 3) is **GRANTED**.

Accordingly, these proceedings are **STAYED** and this petition is **HELD IN ABEYANCE** while Petitioner exhausts her new claim(s) in Michigan state court. Petitioner must correctly file her motion for relief from judgment in Michigan state court within 90 days of the date of this Order.

To avoid administrative difficulties, the Court orders the Clerk of Court to **CLOSE** this case for administrative purposes only. Nothing in this order shall be construed as an adjudication of Petitioner's current claims.

**SO ORDERED.**

Dated: April 12, 2019        s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 12, 2019.

s/A. Chubb
Case Manager