# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **PSAUNTIA MARIE GEORGE,**<br><br>Petitioner,<br><br>v.<br><br>**JEREMY HOWARD,**<br><br>Respondent. | 2:19-CV-10483-TGB-RSW<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELEASE PENDING APPEAL (ECF NO. 12)** |

Petitioner Psauntia Marie George, a state prisoner at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The Court granted Petitioner's motion for stay and abeyance so she could return to the state courts to exhaust unexhausted grounds. ECF No. 6. Her amended petition, filed December 7, 2020, challenges her state conviction for second-degree murder, Mich. Comp. Laws § 750.317, raising ten grounds for relief. ECF No. 8. Respondent has filed an answer opposing the petition. ECF No. 14.

Now before the Court is Petitioner's motion for release pending appeal. ECF No. 12. In it, Petitioner asserts she has a substantial claim

of law based on the facts surrounding her petition, including newly discovered evidence. *Id*. She argues the new evidence exculpates her for the crime for which she was convicted and incriminates her husband as solely responsible for the murder. *Id*. at PageID.135. Petitioner notes that during her state court proceedings, she was released on bond and "successfully reported to all of her court dates including trial and sentencing." *Id*. at PageID.136.

To receive bond pending a court's decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and commonsense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Id*.: *see also Dotson*, 900 F.2d at 79 ("There will be few occasions where a habeas petitioner meets this standard.") The Court's power to grant release is to be used "very sparingly," and only in cases where there appears to be a high likelihood

of success. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). *See also Clark v. Hoffner*, No. 16-11959, 2020 WL 1703870, at *2 (E.D. Mich. Apr. 8, 2020) (Roberts, J.) (explaining that only in rare circumstances will a habeas petitioner be given bail before a merits decision on the habeas motion).

*Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mich. 2003), illustrates both substantial claims of law and exceptional circumstances which support a grant of release pending a decision on habeas petition. In that case, the petitioner's substantial claim of law was "bolstered significantly" where the state trial court granted him a new trial because his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), had been violated. *Puertas*, 272 F. Supp. 2d at 630. The exceptional circumstances which justified special treatment included the petitioner's "age, grave medical condition, and mandatory, life-preserving treatment regimen[,]" as well as evidence his medical needs (treatment for bladder cancer and heart disease) would not be met in prison. *Id.* at 629.

Generally, assertions of innocence alone are insufficient to justify release. *See, e.g., Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at *4 (E.D. Mich. Apr. 21, 2020) (Borman, J.) (denying a motion for

3

release where the court had not yet determined the strength of the petitioner's showing of actual innocence). A recent case in which actual innocence was a consideration in granting release is distinguishable. In *Clark v. Hoffner*, the district court had granted habeas relief and release, but the Sixth Circuit revoked bond pending appeal. 2020 WL 1703870, at *2. After the Sixth Circuit remanded the petitioner's case for an evidentiary hearing, the district court again considered a motion for release on bond. In granting the motion, the court relied on substantial evidence supporting the petitioner's innocence ("the Wayne County Conviction Integrity Unit [was] on the verge of recommending his complete exoneration or a new trial"); the risk of contracting COVID-19 at Lakeland Correctional Facility; and his demonstration that he was "not a risk of flight or danger to the community." at *5.

A determination of the merits of Petitioner's case is pending; however, a preliminary review of the pleadings suggests she has not raised substantial questions of law nor made a strong showing of actual innocence. Petitioner merely states she has newly discovered evidence that incriminates her husband, Kevin George, as the "sole individual involved in the murder," based upon "JPay electronic messages and

4

affidavits along with audio and video recordings and telephone conversations between Petitioner and Kevin George." ECF No. 12, PageID.135. Other than the general claim of her innocence, Petitioner's only other argument for release is the continuing investigation of her case by a Detroit Police Department detective. ECF No. 12, PageID136-37. This is an insufficient showing to justify release while the petition is pending.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for release (ECF No. 12) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 4, 2022     s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE